## In re DODGE.

### Patent Appeal No. 3377.

Court of Customs and Patent Appeals.
Jan. 28, 1935.

McConkey & Smith, of Washington, D. C. (N. D. Parker, Jr., of Washington, D. C., M. W. McConkey, of Chicago, Ill., and Jerome R. Cox, of South Bend, Ind., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, Nos. 1, 2, 5, 9, 10, and 11, in appellant's application for a patent for an alleged invention relating to improvements in brake operating mechanisms for vehicles, and particularly vehicles having the 4-wheel brake system.

Claims 1, 2, and 11 are illustrative. They read:

"1. A vehicle having, in combination, four-wheel brakes, a pedal arranged to apply all of the brakes, and an emergency lever arranged to apply all of the same brakes, the pedal having a limited movement and the emergency lever having a substantial brake-applying movement after the pedal reaches its limit of movement.

"2. A vehicle having, in combination, four-wheel brakes, a single cross-shaft arranged to apply all the brakes, and a service pedal and an emergency lever both having lost-motion connection with the shaft, the brake-applying movement of the pedal being limited and the lever having a substantial brake-applying movement after the pedal reaches its limit of movement."

"11. A vehicle having, in combination, four wheel brakes, a single cross-shaft arranged to apply all of said brakes, a service pedal having a lost motion connection with the shaft, an emergency lever having a lost motion connection with the shaft, and means for limiting the brake applying movement of the pedal prior to limitation of movement of the lever."

The claims were rejected by the Board of Appeals on two grounds, namely: First, that they were not patentable over a publication entitled Automotive Industries of June 16, 1921, page 1269, and not patentably distinct from the subject-matter of the issue

in an interference hereinafter referred to; and, second, on the ground of estoppel.

It appears from the record that appellant's application was in Interference No. 58,229, with a reissue application No. 257,-946, of Des Rosiers' patent No. 1,575,323 on several counts, of which counts 2 and 5 are sufficiently illustrative. They read:

"2. A vehicle having, in combination, two swiveled front wheels having brakes, two rear driving wheels having brakes, a substantially rigid transverse rockshaft approximately midway between the front and rear wheels and having an upwardly-extending member and a downwardly-extending member at each end, a tension connection from each member to one of the four brakes, whereby the rockshaft operates all four brakes, *a service operating member having an overrunning connection with the shaft, and an emergency operating member having an overrunning connection with the shaft.*"

"5. Actuating mechanism for a vehicle having four wheel brakes, comprising a rigid controller shaft, four rods connected to said controller shaft, each adapted to be connected to one of said four wheel brakes, a foot lever, *means connecting the foot lever to the controller shaft with a lost motion connection,* a hand lever, *and means connecting the hand lever to the controller shaft with a lost motion connection,* whereby either the foot lever or the hand lever may be used to rock the controller shaft for applying all said wheel brakes, without moving the other lever." (Italics ours.)

Appellant moved to dissolve the interference on the ground that the subject-matter there involved was unpatentable in view of the prior art. The motion was granted, and the interference dissolved by the tribunals of the Patent Office.

Although appealed claims 1, 2, and 5 were in appellant's application during, and subsequent to, the interference proceeding, they were not involved therein. Appealed claims 9, 10, and 11 were later added to his application.

It clearly appears that the only distinction between the claims here at issue and the counts involved in the interference, hereinbefore referred to, is that the appealed claims contain the feature, "the pedal having a limited movement and the emergency lever having a substantial brake-applying movement after the pedal reaches its limit of movement."

Although the Automotive Industries reference shows a lost-motion connection between the emergency lever and the brakes, it does not disclose such a connection between the foot pedal and the brakes, nor does it disclose a stop for the foot pedal for the purpose of preventing the locking of the wheels.

The gist of the claimed invention, as stated in appellant's specification, is to provide a limit "for the brake-applying movement of the pedal, for example by engagement with the floor board," in combination with the lost-motion connections disclosed in the counts of the interference.

The argument has been stressed in this court, and apparently in the Patent Office, that the hand lever was so constructed as to have a substantial brake-applying movement after the foot pedal had reached the floor board, and that the purpose of limiting the brake-applying movement of the pedal was to apprise the operator of the vehicle of the fact that his brakes needed relining when the pedal reached the floor board.

The fact of the matter is that there is nothing in the specification, or in the claims of appellant to indicate that the "stop" for limiting the movement of the pedal was intended to, or would, apprise the operator that the brakes needed relining. On the contrary, appellant's specification definitely and clearly recites that the purpose and object of the alleged invention is to limit the brake-applying movement of the pedal so as "to insure against locking the wheels under any ordinary circumstances," and that the foot pedal and its connections were so formed and adjusted that the pedal reached the floor board before the wheels were locked. The only other feature stressed in the application is that of using the hand lever so as to apply additional movement of the brakes.

In its decision on appellant's application for a rehearing, the Board of Appeals in referring to its original decision in the case, among other things, said:

"The decision was based upon two controlling facts: the first being that the subject-matter of the claims is not patentably distinct from the subject-matter of the issue in Interference 58,229, which latter subject-matter, in the opinion of the applicant, is devoid of patentability, as evidenced by his motion to dissolve said interference;

and the second being that of estoppel, the applicant while in said interference failing to contest the question of priority with respect to equivalent subject-matter.

"The main distinction between the claims on appeal and the claims which constituted the issue in said interference is that the claims on appeal include a statement to the effect that the pedal has a 'limited movement,' or the limitation of a 'stop in the path of the foot pedal.'

"As has been repeatedly pointed out in this record, these limitations are immaterial from the standpoint of invention. In the operation of the invention disclosed in Automotive Industries, of June 26 [16], 1921, page 1269, and in the operation of the Des Rosiers invention · in the manner contemplated the pedal necessarily has a limited movement, the floor of the vehicle functioning to limit the movement of the pedal."

We find no disclosure in the Automotive Industries' reference nor in the patent to Des Rosiers showing that the brake-applying movement of the foot pedal is limited by the floor board, or other means, to prevent the locking of the wheels of the vehicle, and, at the same time, providing that the emergency lever shall have a "substantial brake-applying movement after the pedal reaches its limit of movement."

If it may be assumed that it is desirable, by limiting the brake-applying movement of the foot pedal, to make it impossible to lock the wheels of ˙the vehicle, except by use of the emergency lever, we are of opinion that it would be obvious to one skilled in the art to solve the problem in accordance with appellant's arrangement, in view of the concession that the counts in the interference were unpatentable over the disclosure contained in the Automotive Industries' reference. Stating the proposition differently, the limitations contained in the appealed claims, in view of the facts of ·record, are, in the language of the Board, "immaterial from the standpoint of invention."

We find it unnecessary, therefore, to consider the second ground of rejection applied by the tribunals of the Patent Office, to wit, that appellant was estopped to claim the subject-matter defined in the appealed claims, because of his failure to request that those claims be placed in interference in the Des Rosiers reissue application.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.